1  Todd R. Alexander, Esq., NSB #10846
   Lemons, Grundy & Eisenberg
2  6005 Plumas Street, Suite 300
   Reno, Nevada 89519
3  (775) 786-6868
   tra@lge.net
4
5  *Attorneys for Plaintiff Kinsale Insurance Company*

6

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF NEVADA**

9

| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>TROY WHITEHEAD, LLC, a Nevada Limited-Liability Company; CRAFTSMAN HOMES, LLC, a Nevada Limited Liability Company,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff KINSALE INSURANCE COMPANY ("KINSALE") hereby alleges as follows:

**NATURE OF THE ACTION**

1.  This is an insurance coverage action whereby Plaintiff KINSALE seeks a judicial determination that it owes no duty to defend or indemnify its named insured, Defendant Troy Whitehead, LLC ("WHITEHEAD") under KINSALE insurance policy number 0100089618-1 for the policy period from June 14, 2020 through June 14, 2021 (the "POLICY") in connection with a loss that occurred on or about March 3, 2021 at 10360 Spur Street, Winnemucca, Nevada.

**THE PARTIES**

2.  Plaintiff KINSALE is, and at all relevant times was, a corporation organized under the laws of the State of Arkansas whose principal place of business is in Richmond, Virginia.

///

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1

3. Defendant WHITEHEAD is a domestic limited-liability company organized and existing under the laws of the State of Nevada with its principal place of business in Silver Springs, Nevada and was authorized to do and is doing business in Nevada. KINSALE is informed and believes that all of the members of WHITEHEAD are citizens of the State of Nevada.

4. Defendant CRAFTSMAN HOMES, LLC ("CRAFTSMAN") is a domestic limited-liability company organized and existing under the laws of the State of Nevada with its principal place of business in Sparks, Nevada and was authorized to do and is doing business in Nevada. KINSALE is informed and believes that all of the members of CRAFTSMAN are citizens of the State of Nevada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 over this Complaint because it is a civil action between parties who are citizens of different states and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to Defendant's claim for coverage under the POLICY occurred in this District.

## THE KINSALE POLICY

7. KINSALE issued a Commercial General Liability Policy to Defendant WHITEHEAD with a policy period of June 14, 2020 to June 14, 2021. A true and correct copy of the POLICY is attached hereto and incorporated by reference herein as **Exhibit 1**.

8. Among other terms, provisions, conditions, limits, exclusion, and endorsements, the POLICY provides, in part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

2

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** –Definitions.

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of insurance; and

        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)**    Prior to the policy period, no insured listed under Paragraph **1**. Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

3

    **2.**    **Exclusions**
This insurance does not apply to:
* * *

    **b.**    **Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. . . .
* * *

    **j.**    **Damage To Property**
"Property damage" to:
* * *

    **(4)**    Personal property in the care, custody or control of the insured;

    **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)**    that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

    **k.**    **Damage To Your Product**
"Property damage" to "your product" arising out of it or any part of it.
* * *

    **m.**    **Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
* * *

**SECTION V – DEFINITIONS**
* * *

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by:

    **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.**    Your fulfilling the terms of the contract or agreement.
* * *

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

21. "Your product":
    a. Means:
        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            a. You;
            b. Others trading under your name; or
            c. A person or organization whose business or assets you have acquired; and
        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
    b. Includes:
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
        (2) The providing of or failure to provide warnings or instructions.

22. "Your work":
    a. Means:
        (1) Work or operations performed by you or on your behalf; and
        (2) Materials, parts or equipment furnished in connection with such work or operations.
    b. Includes
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

5

        **(2)**    The providing of or failure to provide warnings or instructions.

9. The POLICY contains endorsement form CAS3043 0817. The endorsement language reads, in part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**ADDITIONAL POLICY EXCLUSIONS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
**LIQUOR LIABILITY COVERAGE**

The following exclusions are added to this policy:
                * * *
**DUTY TO DEFEND EXCLUSION**
Where there is no coverage under this policy, there is no duty to defend.
                * * *
ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

## GENERAL ALLEGATIONS

10. KINSALE is informed and believes that CRAFTSMAN retained WHITEHEAD to assemble and install a pre-fabricated, manufactured home at 10360 Spur Street (the "MANUFACTURED HOME"), Winnemucca, Nevada. KINSALE is also informed and believes that at the time the home was to be installed it remained the property of CRAFTSMAN, and was to be resold to the ultimate homeowner.

11. KINSALE is informed and believes the MANUFACTURED HOME was composed of three sections which must be assembled. On March 3, 2021, Whitehead was attempting to connect the sections, when two of them allegedly fell into the foundation and allegedly caused a total loss of the MANUFACTURED HOME (the "INCIDENT"). CRAFTSMAN asserted a claim for damages against WHITEHEAD as a result in the amount $5,000 to demolish the MANUFACTURED HOME plus $169,788.00 to replace the damaged

///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

6

MANUFACTURED HOME (the "CRAFTSMAN CLAIM"). CRAFTSMAN did not assert any claim for damages other than for "Property damage" to the MANUFACTURED HOME itself.

12. WHITEHEAD tendered the CRAFTSMAN CLAIM under the POLICY. KINSALE initially denied the CRAFTSMAN CLAIM in correspondence dated April 6, 2021, a true and correct copy of which is attached as **Exhibit 2** and incorporated herein by this reference. WHITEHEAD requested reconsideration of KINSALE's denial. By letter dated July 23, 2021, KINSALE advised that it would conduct a further investigation, and that if a lawsuit was filed and served against WHITEHEAD that WHITEHEAD was to tender that lawsuit for KINSALE's consideration. In the event that a lawsuit is filed against WHITEHEAD, KINSALE reserved the right to provide a defense under reservation of rights while pursuing this declaratory relief action and to seek recoupment of any attorney's fees and costs that KINSALE expends in defense of WHITEHEAD. A true and correct copy of that letter is attached as **Exhibit 3** and incorporated herein by this reference.

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief – Duty to Defend)**

13. KINSALE incorporates paragraphs 1 through 12 as though fully set forth herein.

14. KINSALE contends that there presently is no duty to defend WHITEHEAD because there is no "Suit" filed against WHITEHEAD that has been tendered to KINSALE.

15. KINSALE also contends that based on the information provided to it thus far, there is no potential for coverage for WHITEHEAD for the "Property damage" to the MANUFACTURED HOME as asserted by CRAFTSMAN under the POLICY due to the application of the terms, conditions, exclusions and endorsements of the POLICY, including but not limited to Exclusions 2.b, 2.j(4), 2.j.(5), 2.j.(6), and 2.k.

16. KINSALE also contends that exclusion 2.m. Damage to Impaired Property or Property Not Physically Injured precludes coverage for "Property damage" to the third section of the MANUFACTURED HOME which did not fall into the foundation but which CRAFTSMAN nevertheless claimed was part of its total loss. Pursuant to exclusion 2.m., the POLICY does not apply to "property damage" to "impaired property" or property that has not

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

7

been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

17. KINSALE contends that other terms, conditions, exclusions and endorsements of the POLICY apply to preclude or limit coverage for the CRAFTSMAN CLAIM. KINSALE reserves the right to amend this Complaint as additional facts are discovered which impact the application of such terms to the controversy herein.

18. KINSALE is informed and believes that WHITEHEAD and CRAFTSMAN dispute KINSDALE'S contention that it has no duty to defend should a lawsuit be brought against WHITEHEAD with regard to the CRAFTSMAN CLAIM. KINSALE expressly reserves the right to amend its Complaint if and when a lawsuit is filed and served against WHITEHEAD, and to add parties other than CRAFTSMAN as are relevant to the as yet unfiled lawsuit.

19. In light of these inconsistent contentions, there presently exists an actual controversy between KINSALE, on the one hand, and Defendants on the other hand, with respect to KINSALE'S rights and obligations under the POLICY regarding the defense of claims against WHITEHEAD.

20. KINSALE therefore seeks a judicial determination that KINSALE has or will not have any obligation to defend WHITEHEAD in connection with the CRAFTSMAN CLAIM.

### SECOND CLAIM FOR RELIEF

**(Declaratory Relief – Duty to Indemnify)**

21. KINSALE incorporates paragraphs 1 through 19 as though fully set forth herein.

22. KINSALE contends that there is no coverage for WHITEHEAD for the "Property damage" to the MANUFACTURED HOME as asserted by CRAFTSMAN under the POLICY due to the application of the terms, conditions, exclusions and endorsements of the POLICY, including but not limited to Exclusions 2.b, 2.j(4), 2.j.(5), 2.j.(6), and 2.k.

23. KINSALE also contends that exclusion 2.m. Damage to Impaired Property or Property Not Physically Injured precludes coverage for "Property damage" to the third section of the MANUFACTURED HOME which did not fall into the foundation but which

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

8

CRAFTSMAN nevertheless claimed was part of its total loss.  Pursuant to exclusion 2.m., the POLICY does not apply to "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

24. KINSALE contends that other terms, conditions, exclusions and endorsements of the POLICY apply to preclude or limit coverage for the CRAFTSMAN CLAIM.  KINSALE reserves the right to amend this Complaint as additional facts are discovered which impact the application of such terms to the controversy herein.

25. KINSALE is informed and believes that WHITEHEAD and CRAFTSMAN dispute KINSALE'S contention that it has no duty to indemnify WHITEHEAD in this matter.

26. In light of these inconsistent contentions, there presently exists an actual controversy between KINSALE, on the one hand, and WHITEHEAD, on the other hand, with respect to KINSALE'S rights and obligations under the POLICY regarding the duty to indemnify WHITEHEAD for the CRAFTSMAN CLAIM.

27. KINSALE therefore seeks a judicial determination that KINSALE has no obligation to indemnify WHITEHEAD for the CRAFTSMAN CLAIM, and that CRAFTSMAN, as claimant, should be bound to such judgment so as to preclude CRAFTSMAN from attempting to enforce any judgment it may obtain against WHITEHEAD directly against KINSALE, whether pursuant to the terms, conditions, exclusions and endorsements of the KINSALE POLICY or applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, KINSALE prays for relief as follows:

A. On the First Claim for Relief, for a declaration against Defendants that KINSALE had and has no obligation to pay for any defense fees and costs on behalf of any insured under the POLICY in connection with this matter, because of the absence of any potential coverage under the terms, conditions, exclusions and endorsements of the POLICY.

///

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

B. On the Second Claim for Relief, for a declaration against WHITEHEAD that KINSALE had and has no obligation to pay indemnity on behalf of any insured under the POLICY in connection with this matter because of the absence of any potential for coverage under the terms of the POLICY.

C. For costs of suit.

D. For such further relief as the Court deems proper.

DATED: July 23, 2021.  LEMONS, GRUNDY & EISENBERG

*/s/ Todd R. Alexander*
By: Todd R. Alexander
Attorneys for Plaintiff KINSALE
INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

Plaintiff KINSDALE INSURANCE COMPANY herein demands a trial by jury.

DATED:  July 23, 2021.  LEMONS, GRUNDY & EISENBERG

*/s/ Todd R. Alexander*
By: Todd R. Alexander
Attorneys for Plaintiff KINSALE
INSURANCE COMPANY

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

10